United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40254
Conference Calendar

NATHANIEL KEITH SINGLETON,

Plaintiff-Appellant,

versus

PETERS, Mr.; POLLIE, Ms.; CHUC DINH; EUCH IWUANYANWU;
CECILIA OKOYE; GARCIA, Ms.; THAHAN, Lieutenant;
D. WILLIAMS; JOSA HINO; G. WINGATE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-03-CV-100
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Nathaniel Singleton, Texas prisoner # 716045, has filed a
motion for leave to proceed in forma pauperis (IFP) on appeal.
The district court dismissed Singleton's 42 U.S.C. § 1983 civil
rights complaint without prejudice for want of prosecution.
FED. R. CIV. P. 41(b). The district court imposed a sanction
barring Singleton for life from filing any lawsuit or civil
action without obtaining prior permission from a judge in this
Circuit. Singleton's motion for leave to proceed IFP on appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is construed as a challenge to the district court's certification decision that Singleton's appeal from the dismissal of his 42 U.S.C. § 1983 complaint was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Singleton argues that the district court erred in denying him IFP status because he has paid the requisite filing fees in some of his former lawsuits and that the district court illegally retained these fees in violation of a court order. Singleton does not specifically identify which court order he is referring to or any relevant rule that the district court has purportedly violated. His argument therefore lacks merit.

Singleton also argues that he has remitted the appropriate filing fees and complied with the requirements of the Prison Litigation Reform Act (PLRA) in four of his prior cases. Singleton does not identify these cases nor does he offer any explanation with respect to the district court's determination that he has filed 33 remaining lawsuits only to dismiss them 73% of the time due to his failure or refusal to comply with filing fees or PLRA requirements. Singleton has not briefed issues related to these cases and therefore has abandoned these issues on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, Singleton's claims are meritless and his appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Singleton has filed at least 14 lawsuits in the Southern District of Texas in 2002 and 23 lawsuits in the Southern District of Texas in 2003, with the majority resulting in voluntary or involuntary dismissals for failure to pay the requisite filing fees or to comply with the requirements of the PLRA. In Singleton v. Sanders, No. 04-40119 (5th Cir. June 22, 2004) (unpublished), this court dismissed an appeal by Singleton and issued a 28 U.S.C. § 1915(g) sanctions warning. With this court's dismissal of the instant appeal, Singleton has now accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Singleton is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Although we recognize that the district court is faced with Singleton's litigious filings, we nevertheless have some concern over the extraordinary breadth of the district court's sanction order. Accordingly, we MODIFY the sanction order of the district court to reflect that, in addition to obtaining permission from a judge of the Circuit prior to filing even a paid civil lawsuit, Singleton must demonstrate that he is under imminent danger of serious physical injury in accordance with

28 U.S.C. § 1915(g). This modification does not extend to Singleton's ability to file habeas corpus actions in accordance with the Antiterrorism and Effective Death Penalty Act.

Singleton is ORDERED to pay sanctions in the amount of $255, payable to the Clerk of this Court. See 5TH CIR. R. 3. The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any pro se civil complaint or appeal by Singleton unless Singleton submits proof of satisfaction of this sanction. If Singleton attempts to file any further notices of appeal or original proceedings in this court without such proof, the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will neither be addressed or acknowledged.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION IMPOSED; SANCTION ORDER OF THE DISTRICT COURT MODIFIED; $255 MONETARY SANCTION IMPOSED.